**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDREW JOSEPH LOIACONO,

    Petitioner,

v.                                          Case No: 8:16-cv-1624-T-30TGW
                                               Crim. Case No: 8:14-cr-31-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Andrew Joseph Loiacono's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) filed on June 17, 2016. By his motion, Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016). In accordance with § 2255(f)(3), Petitioner's motion was timely filed within one year of *Johnson*. The government agrees that Petitioner is entitled to relief under *Johnson* because Petitioner was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but due to *Johnson*'s invalidation of the residual clause, Petitioner no longer has the requisite three qualifying predicate offenses for the ACCA enhancement to apply. (CV Doc. 6).

On March 27, 2014, Petitioner pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e).

(CR Docs. 18, 23). On July 16, 2014, in accordance with the ACCA, Petitioner was sentenced to 180 months' imprisonment, followed by 60 months' supervised release. (CR Doc. 28).

Petitioner's ACCA sentence was based on three predicate offenses: two Florida burglary convictions and a New York burglary conviction. (PSR at ¶ 23). A Florida conviction for burglary, although listed under the enumerated-offenses clause of the ACCA, is no longer an ACCA predicate offense. The Florida burglary statute is too broad to be considered generic burglary; thus, Florida burglary was deemed a violent felony for purposes of the ACCA under the residual clause. In light of *Johnson*, Florida burglary does not qualify as an ACCA predicate offense under the residual clause.

The Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), also clarified that a Florida burglary conviction is not considered an ACCA predicate offense under the ACCA's enumerated-offenses clause either. The enumerated-offenses clause of the ACCA defines a violent felony as including "burglary, arson, or extortion." § 924(e)(2)(B)(ii). A crime qualifies as an ACCA predicate under the enumerated-offenses clause if the elements of the crime are the same as, or narrower than, the generic offense. Burglary is a crime "contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

In *Mathis*, the Supreme Court held that Iowa's burglary statute "cover[ed] more conduct than generic burglary" because the Iowa statute reached a broader range of places beyond a "building or other structure." *Id.* at 2250, 2251. Thus, the Supreme Court

2

concluded that the Iowa offense of burglary could not qualify as an ACCA predicate offense because its elements were broader than the elements of the generic offense. *Id.* at 2251. The Florida burglary statute defines burglary as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter." Fla. Stat. § 810.02(1)(b)(1). Like the Iowa statute, the Florida statute is broader than the generic burglary offense because a "dwelling" includes the curtilage of a building and a conveyance includes "any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car." Fla. Stat. § 810.011(2)-(3); *see also James v. United States*, 550 U.S. 192, 212 (2007), *overruled on other grounds by Johnson*, 135 S. Ct. 2551. Consequently, a Florida burglary conviction is also not an ACCA predicate offense under the enumerated-offenses clause.

Without the ACCA enhancement, possession of a firearm by a convicted felon carries a statutory maximum of ten years' imprisonment and three years' supervised release. *See* 18 U.S.C. §§ 924(a), 3583(b)(2), 3559(a)(3). The current sentencing guidelines provide for a total offense level of 13 and criminal history category of III, resulting in a guideline range of 18 to 24 months' imprisonment. Petitioner has been in custody since January 31, 2014, and his current projected release date is March 20, 2027. (PSR at 1; CV Doc. 6 at 3).

The parties request that Petitioner's sentence be reduced to time served and his term of supervised release be reduced to three years. Petitioner does not request a resentencing

hearing, waives his right to be present at a resentencing hearing, and consents to being resentenced without his presence in accordance with the parties' agreement. (*Id.*).

Because Petitioner's Florida burglary convictions no longer qualify as ACCA predicate offenses, his § 2555 motion should be granted and his sentence shall be reduced to time served followed by three years' supervised release.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Andrew Joseph Loiacono's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is GRANTED.

2. The sentence in case no. 8:14-cr-31-T-30TGW at Doc. 28 is VACATED.

3. Petitioner's sentence in case no. 8:14-cr-31-T-30TGW shall be reduced to time served. This sentence shall be followed by three years' supervised release. An amended judgment shall be issued in case no. 8:14-cr-31-T-30TGW.

4. The Clerk is directed to close this case and deny any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of August, 2016.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record